1
2
3
4
5
6
7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10   UNITED STATES,

11            Plaintiff,                    No. CR 08-0468 KJM

12        vs.

13   MARIA SEFORA SANTA, *et al.*,

14            Defendants.
     _____/

15

16            Defendant Fabian Leonte has moved to dismiss his indictment with prejudice

17   based on violations of the Speedy Trial Act of 1974 ("STA" or "the Act"), and specifically the

18   Act's requirement that trial commence within seventy days of return of the indictment or first

19   appearance, not counting properly excluded time. 18 U.S.C. §§ 3161, *et seq*. Defendants Maria

20   Sefora Santa, Virgil Sever Santa and Candit Cipri Sava, Jr. each join in defendant Leonte's

21   motion. (ECF 184, 185, 186.) The government opposes defendants' motions. (ECF 172.) Oral

22   argument was held on January 30, 2012, with James Greiner arguing for the defense and

23   Dominique Thomas arguing for the government. The matter was submitted on February 2, 2012,

24   upon defendant Leonte's filing of his supplemental response as allowed by the court. (ECF 197,

25   200.) For the reasons set forth below, defendants' motions are DENIED.

26   /////

1

I.    THE SPEEDY TRIAL ACT AND THIS COURT'S LOCAL CODES

   A.    The Speedy Trial Act

         The STA mandates that a criminal defendant proceed to trial within seventy days of being charged or making an initial appearance, whichever occurs later. 18 U.S.C. § 3161(c)(1). "[T]he Act recognizes that criminal cases vary widely and that there are valid reasons for greater delay in particular cases"; therefore, Congress set forth several mechanisms in the STA for excluding time from the seventy day period. *Zedner v. United States*, 547 U.S. 489, 497 (2006); *see generally* 18 U.S.C. § 3161(h).  The Act allows for discretionary exclusions under section 3161(h)(7) where the court articulates on the record its reasons for finding a continuance is justified. *See* 18 U.S.C. § 3161(h)(7). "Both the Act and its legislative history establish that no continuance period may be excluded [under § 3161(h)(7)] unless the court makes reasonably explicit findings that demonstrate that the ends of justice served by granting the continuance do, in fact, outweigh the best interests of the public and the defendant in a speedy trial." *United States v. Perez-Revelez*, 715 F.2d 1348, 1352 (9th Cir. 1983). The Act provides factors for the court to consider in determining whether the ends of justice are served by a continuance. These include the complexity of the case, the time needed for preparation of counsel and the presence of novel questions of fact or law. *See* 18 U.S.C. § 3161(h)(7)(B)(i)-(iv).

         Section 3161(h)(7)[1] provides courts with necessary "flexibility in accommodating unusual, complex, and difficult cases"; however, in order to prevent the exception from consuming the STA's rule requiring speedy resolution of criminal proceedings, section 3161(h)(7) "counteract[s] substantive openendedness with procedural strictness" by requiring on the record findings justifying an exclusion. *Zedner*, 547 U.S. at 508-09. In sum, section 3161(h)(7) "permits a district court to grant a continuance and to exclude the resulting delay if

---

   [1] Prior to Congress's October 2008 amendment of the STA, the relevant portion under discussion appeared in 18 U.S.C. § 3161(h)(8). *See* Pub. L. No. 110-406, sec. 13, 122 Stat. 4291, 4294 (redesignating 18 U.S.C. § 3161(h)(8) as 18 U.S.C. § 3161(h)(7)). For the sake of clarity, all references in this order are to § 3161(h)(7).

1  the court, after considering certain factors, makes on-the-record findings that the ends of justice

2  served by granting the continuance outweigh the public's and defendant's interests in a speedy

3  trial. This provision gives the district court discretion -- within limits and subject to specific

4  procedures -- to accommodate limited delays for case-specific needs." *Id.* at 489.

5       B.    Local Codes

6            By General Order, the Eastern District of California has adopted local codes to be

7  used as shorthand references to corresponding STA provisions. *See* General Order No. 479, In

8  Re: Plan for Prompt Disposition of Criminal Cases Pursuant to Speedy Trial Act of 1974, last

9  updated October 15, 2009. The General Order states, "[i]n order to facilitate the recording of

10 excludable time on the record and in docket entries, the court has developed Excludable Delay

11 Codes with arabic numerals corresponding to specific statutory provisions of 18 U.S.C.

12 § 3161(h) to be used at the discretion of each judge." By way of example, local codes "T2" and

13 "T4" correspond to sections 18 U.S.C. § 3161(h)(7)(B)(ii) and (iv), respectively. These codes

14 typically are used by judges of this district as a shorthand method identifying a factor under

15 subsection (h)(7)(B) that the judge has determined justifies an (h)(7) continuance.

16 III.  ANALYSIS

17           Defendants carry the burden of proving a STA violation. *See* 18 U.S.C.

18 § 3162(a)(2); *see also United States v. Medina*, 524 F.3d 974, 980 (9th Cir. 2008) (paraphrasing

19 18 U.S.C. § 3162(a)(2)). "If the defendant carries this burden, the indictment 'shall be

20 dismissed,' and the district court must then consider whether to dismiss the case with or without

21 prejudice." *Id.* at 980-81.

22           The present action has been pending since March 6, 2008. The last defendants

23 were joined in March of 2009, with Leonte joined on March 19, 2009. (ECF 49.) Since then,

24 time under the Act has been tolled under 18 U.S.C. § 3161(h)(7) ("section (h)(7)"), among

25 /////

26

others.[2] Defendants challenge the exclusions made under section (h)(7) as invalid because (1) the court did not make an explicit "ends of justice" finding prior to each exclusion; and (2) the record lacks factual findings sufficient to support the statutory exclusion referenced by the presiding judge. If such exclusions are invalid on either ground, then defendants argue the appropriate remedy is dismissal with prejudice.

       A.     Ends of Justice Findings Argument

       With respect to the first argument, defendants contend section (h)(7) requires the court to explicitly state on the record that the "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial" in accordance with subsection 3161(h)(7)(A). This court has previously held that ends of justice language need not be recited verbatim for an exclusion of time to be proper. *See United States v. Head, et al.*, Nos. CR 08–0116 KJM, CR 08–0093 KJM, CR 05–0368 KJM, CR 09–0407 KJM, 2011 WL 6780936 (E.D. Cal. Dec. 27, 2011). In sum, the court has found that defendants' first argument does not properly recognize the importance of factual justifications for an (h)(7) exclusion, but rather places undue emphasis on rote recitation of statutory language. *Id*. at *4.  As explained in *Head*, defendants' position is inconsistent with the language of the statute as well as Supreme Court and Circuit precedent. *Id*. The defendants have not presented any new arguments here so as to justify revisiting the topic. The court confirms its prior decision, and incorporates its reasoning by reference, that recitation of exact statutory language is not required for an (h)(7) exclusion to be valid.

/////

/////

/////

/////

---

[2] For instance, time has also been excluded by pending motions (ECF 77, 125) and preceding the appearance of the last defendant (ECF 69).

B.      Factual Finding Argument

With respect to the second argument, defendants are correct that a court's (h)(7) exclusionary finding must be supported by the factual record before the court.[3] However, on the record of this case, the court finds that all previous exclusions of time have been supported by findings as required.

1.      Codefendants

"It is well established that an exclusion from the Speedy Trial clock for one defendant applies to all codefendants." *United State v. Messer*, 197 F.3d 330, 336 (9th Cir. 1999). "All defendants who are joined for trial generally fall within the speedy trial computation of the latest codefendant." *Henderson v. United States*, 476 U.S. 321, 323 n. 2 (1986).

For an (h)(7) exclusion to be valid, it must be specifically limited in time and justified based on the facts before the court at the time the continuance is ordered. *United States v. Lewis*, 611 F.3d 1172, 1176 (9th Cir. 2010) (quoting *United States v. Lloyd*, 125 F.3d 1263, 1268 (9th Cir. 1997)). Here, defendants challenge the presence of a factual predicate referenced on the record at the time of the exclusion. *See generally* Reply to Opp'n to MTD (ECF 187) at 3-6. "The court must conduct an appropriate inquiry to determine whether the various parties actually want and need a continuance, how long a delay is actually required, what adjustments can be made with respect to the trial calendars or other plans of counsel, and whether granting the requested continuance would outweigh the best interests of the public and defendants in a speedy trial." *Lewis*, 611 F.3d at 1176 (quotations omitted).

/////

_____

[3] Moving defendant Leonte was one of two defendants who were last joined to this case. Although defendants join Leonte's motion, they do not separately attack the time periods excluded prior to Leonte's being joined. The court thus considers only those periods excluded after Leonte's joinder. *See* 28 U.S.C. § 3161(h)(6) ("A reasonable period of delay when the defendant is joined for trial with *a codefendant as to whom the time for trial has not run* and no motion for severance has been granted.") (emphasis added). Because codefendants did not join defendant Leonte's motion until after the government had filed its opposition, the government did not have the opportunity to address the earlier dates.

1    Where a continuance is initiated by less than all of the codefendants, the

2  continuance must satisfy the reasonableness requirement of 28 U.S.C. § 3161(h)(6). *See Lewis*,

3  611 F.3d at 1176 ("Our precedent instructs us that, in order to attribute a co-defendant's

4  excludable delay under § 3161(h)(7) to a defendant, the delay must meet the reasonableness

5  requirement of § 3161 (h)(6).") Unlike (h)(7) continuances, the "reasonableness" of an (h)(6)

6  continuance may be determined after the continuance is granted, even by a separate judge than

7  the presiding judge when the continuance was granted. *See Lewis*, 611 F.3d at 1180 (after

8  remand and reassignment, "the district court reviewed the statutory factors in considerable detail,

9  independent of the first judge's earlier analysis, made factual findings for the second time, and

10  determined that the overall balance weighed in favor of dismissing the indictment without

11  prejudice for the second time."). Courts "gauge the reasonableness of delay on a case by case

12  basis, given the fact-bound nature of the inquiry." *Messer*, 197 F.3d at 337 (internal quotation

13  marks omitted). For sake of clarity and completeness, and in light of the discussion set forth

14  below, the court finds that the exclusions of time and the total elapsed time at issue here are

15  reasonable under (h)(6), given the presence of multiple defendants, voluminous discovery and

16  the replacement of counsel for defendant Leonte during the pendency of the case.

17    2.    Judicial Estoppel

18    Judicial estoppel also is relevant to the instant case. Estoppel prevents a defendant

19  from challenging continuances he or she initiated. It "is an equitable doctrine that precludes a

20  party from gaining an advantage by asserting one position, and then later seeking an advantage

21  by taking a clearly inconsistent position." *Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d

22  778, 782 (9th Cir. 2001). Judicial estoppel is invoked "not only to prevent a party from gaining

23  an advantage . . . but also because of general considerations of the orderly administration of

24  justice and regard for the dignity of judicial proceedings, and to protect against a litigant playing

25  fast and loose with the courts." *Id.* (internal citation and quotations omitted). "[S]everal factors

26  typically inform the decision whether to apply the doctrine in a particular case: First, a party's

later position must be clearly inconsistent with its earlier position. Second, courts regularly

inquire whether the party has succeeded in persuading a court to accept that party's earlier

position . . . . A third consideration is whether the party seeking to assert an inconsistent position

would derive an unfair advantage or impose an unfair detriment on the opposing party if not

estopped." *Zedner*, 547 U.S. at 504 (quoting *New Hampshire v. Maine*, 532 U.S. 742, 750-51

(2001)).

In *Zedner*, the Supreme Court addressed a judicial estoppel argument in the

context of an alleged STA violation after the petitioner had "signed a blanket, prospective waiver

of his rights under the Act," at the suggestion of the trial judge. *Id.* at 492. The Court found that

"petitioner's (mistaken) agreement that Speedy Trial Act waivers are valid" did not equate to

persuading "the District Court to accept the proposition that prospective waivers of Speedy Trial

Act rights are valid." *Id*. at 505.[4] The Court declined to apply judicial estoppel because

petitioner's position supporting the continuances in that case was not "clearly inconsistent" with

his later position in seeking dismissal of the indictment. *Id.*; *see also United States v. Lehman*,

756 F.2d 725, 728 (9th Cir. 1985) (judicial estoppel inapplicable when government did not

advocate mutually exclusive positions). The Court explained it "would be a different case if

petitioner had succeeded in persuading the District Court at the January 31 status conference that

the factual predicate for a statutorily authorized exclusion of delay could be established." *Id*. In

holding that the petitioner was not estopped from challenging the excludability under the STA,

the Court reasoned that

> the discussion at the January 31 status conference did not focus on
> the requirements of the Act.  Rather, the court and the parties
> proceeded on the assumption that the court's waiver form was valid
> and that the Act could simply be disregarded. Nothing in the
> discussion at the conference suggests that the question presented by

---

[4]   This passage further suggests that acquiescence is insufficient to establish a position for judicial estoppel purposes. *See Zedner*, 547 U.S. at 492 (noting that agreeing with the court's position and advocating a position are not equivalent).  In this order, the court does not find estoppel based on mere acquiescence.

the defense continuance request was viewed as anything other than a case-management question that lay entirely within the scope of the District Court's discretion. Under these circumstances, the best understanding of the position taken by petitioner's attorney at the January 31 status conference is that granting the requested continuance would represent a sound exercise of the trial judge's discretion in managing its calendar. This position was not "clearly inconsistent" with petitioner's later position that the continuance was not permissible under the terms of the Act.

*Id*. at 505-06.

The Ninth Circuit has addressed this point even more straightforwardly: "Where a defendant stipulates to the need for trial preparation, he 'cannot maintain that these continuances give rise to an STA violation.'" *United States v. Palomba*, 31 F.3d 1456, 1462 (9th Cir. 1994) (quoting *United States v. Gallardo*, 773 F.2d 1496, 1506 (9th Cir. 1985)). In *Palomba*, the court held that "[h]aving made a fully-informed choice to move for a continuance tolling the clock, [petitioner] was precluded from objecting that his right to a speedy trial was violated." *Id.*; *see also United States v. Shetty*, 130 F.3d 1324, 1330 (9th Cir. 1997) (finding no STA violation when "the defense never objected to any of the continuances, even when the district court gave it direct opportunities to do so"). In *Gallardo*, the Ninth Circuit considered the "ends of justice" exclusion and its effect on the STA. The defendant alleged, *inter alia*, that the court had abused its discretion in granting three "ends of justice" continuances. The court noted that

Gallardo was the moving force behind the granting of each continuance he is now challenging. In each case, Gallardo's counsel drafted the stipulations, initiated discussions with the government concerning the need for a continuance, and drafted the court's order granting the continuance. He therefore cannot maintain that these continuances gave rise to an STA violation.

*Gallardo*, 773 F.2d at 1506. More recently, in *United States v. Alvarez-Perez*, 629 F.3d 1053, 1062 (9th Cir. 2010), the government argued that the court "should not review Alvarez's STA claim because Alvarez 'invited' the STA violation by contributing to the delay." The government noted in particular that Alvarez "more than once changed his mind about pleading guilty" and he "requested and received new counsel, who indicated that she would need some

time to prepare." *Id.* The Ninth Circuit construed the government's argument as an estoppel argument and rejected it. It held rather that Alvarez was not barred from invoking violation of the STA by judicial estoppel, because he had "never represented that [the period of delay caused by his changed positions] was excludable, nor did he argue to the court that [a later date] was the proper start date." *Id.* In other words, Ninth Circuit precedent does not suggest, as defendants argue, that judicial estoppel is inapplicable in the Speedy Trial Act context.[5]

C.     Specific Time Exclusions At Issue

The specific Speedy Trial Act violations asserted by the defense are analyzed below.

1.     *July 30, 2009 - June 7, 2010*

Prior to the appearance by defendant Leonte, the other defendants on the pending motion attended a status conference on July 30, 2009 to discuss trial scheduling. (ECF 67.)[6] At that conference, the parties proposed a trial date nearly a year in the future and the court questioned counsel thoroughly regarding the need for that much time. (*See* ECF 145 at 5-9.) Counsel for defendant Timofey, Mr. Haydn-Myer, explained that his trial schedule as well as that of other defense counsel in the case, along with the volume of discovery, justified a lengthy

---

[5] Other Circuits have applied judicial estoppel under similar circumstances. The Seventh Circuit recognized that although a defendant cannot waive his right to a speedy trial under the statute, delays are nevertheless excludable when they "were caused or furthered by the defendant's waiver." *United States v. Kucik*, 909 F.2d 206, 210-11 (7th Cir. 1990) (citing *United States v. Pringle*, 751 F.2d 419, 434 (1st Cir. 1984)). In *Kucik*, "defense counsel agreed to exclude the time from speedy trial considerations." *Id.* at 211. The court found defendant should not be able to sandbag the court after "actively participat[ing] in a continuance." *Id.* In *United States v. Keith*, 42 F.3d 234, 239-40 (4th Cir. 1994), the court found that if defendant agrees to a request for a continuance that otherwise supports an "ends of justice" exclusion, the defendant may not later use the time excluded to argue for dismissal under the Act. *See also United States v. Pakala*, 568 F.3d 47, 60 (1st Cir. 2009) (because it was clear that the court granted "ends of justice" continuances based on the grounds in defendant's motions, judicial estoppel was appropriate to bar a claim that defendant was entitled to a dismissal based on the court's failure to explain its rulings).

[6] Even though this status occurred before Leonte's arraignment, the exclusion approved on this date was later approved with respect to his case. *(See* ECF 72, 73.)

9

delay. (*Id.*) The Assistant United States Attorney (AUSA) agreed it was best to provide a date
certain for trial around which the parties could plan, as opposed to setting a more aggressive date
that would end up being pushed. (*Id.*) All parties joined in the request to exclude time from July
30, 2009 to the jury trial date set for June 7, 2010, for continuity of counsel and preparation
under local codes T2 and T4, respectively. (*Id.* at 9.) The court based its determination on the
volume of discovery, difficulty in correlating counsel's schedules and the fact of multiple
defendants. (*Id.* at 8.) The court's (h)(7) exclusion is supported by the record. In addition,
because each party joined in the request for the continuance, each is estopped from challenging
its sufficiency.

2.     *October 29, 2009 - December 3, 2010*

Defendant Leonte was arraigned on October 29, 2009 (ECF 69), on which date
the AUSA requested an exclusion of time under local code T4 for counsel preparation in light of
the voluminous discovery, which had yet to be provided to Leonte's counsel. (*See* ECF 146 at
7:16-21.) Defense counsel for Leonte at the time did not object and the court approved the
request. (*Id.*) The record on this date provides a sufficient factual predicate to justify an (h)(7)
exclusion.

3.     *December 3, 2009 Continuance*

On December 2, 2009, then-counsel for defendant submitted a stipulation signed
by himself and the AUSA, proposing to drop the December 3 hearing from calendar and instead
/////
/////
/////
/////
/////
/////
/////

10

joining the remaining defendants for the pretrial confirmation conference scheduled for May 6,

2010. (ECF 97.) The stipulation states in relevant part

> The parties further stipulate that time up to June 7, 2010, the date
> scheduled for jury trial, shall be excluded pursuant to Speedy Trial
> Act, 18 U.S.C. 3161 (h)([7])(ii) (Local Codes T2 and T4) due to
> complexity of the case and in the interest of justice to allow the
> defense time to further prepare for trial and negotiate resolution, if
> possible.

*Id.* The court approved the stipulation (ECF 73), based on the representations of complexity and

the need for additional time to prepare. This exclusion is properly supported, and defendant

Leonte is estopped from attacking the continuance he requested as violative of the Act.

Accordingly, time was properly excluded for all defendants up to June 7, 2010.

4.    *May 6, 2010 - August 18, 2010*

On May 6, 2010, the parties appeared at the pretrial conference, where both the

government and defense counsel explained that a continuance was necessary for preparation of

counsel based on scheduling developments. Specifically, counsel for defendant Sava represented

to the court that developments in his trial schedule necessitated more time to prepare for trial in

the instant case. (*See* ECF 149 at 8:10-20.) In addition, the AUSA represented that the agent

necessary to try the case would be in a separate trial; therefore he requested the trial be moved to

September 20. (*See* ECF 149 at 7:12-25.) The AUSA further represented that the case was a

complex mortgage fraud case with multiple defendants and therefore an ends of justice

continuance would be justified under Local Codes T4 and T2. The court approved a T2

exclusion based on the complexity of the case and coordination of all parties and counsel, as well

as a T4 exclusion for preparation of counsel for defendant Sava. (*Id.*) The court's factual basis

for this exclusion of time was well-supported.

5.    *August 19, 2010 - September 12, 2010*

At the August 19, 2010 Trial Confirmation Hearing, Leonte's counsel at the time

noted that he would be in another trial at the time scheduled for trial of this matter and further

1   represented to the court that his communication with Leonte had broken down. (ECF 153 at 13.)

2   Defense counsel asked to be relieved, while at the same time suggesting he may be able to help

3   finalize a plea agreement with Leonte. (ECF 153 at 7-8, 10:22-25.) Leonte himself addressed the

4   court, stating, "I asked my attorney to file some motions, and he refused. He said he don't see no

5   sense of doing that, and I feel like is not working, he is not helping me out." (*Id*. at 8:3-7.) The

6   court inquired into whether communication had completely broken down or whether the

7   attorney-client relationship could be repaired, spending considerable time inquiring into the

8   extent of any breakdown. (ECF 153 at 7-11.) The court ultimately determined a breakdown had

9   occurred and then appointed Leonte's current counsel to represent him. Given the new counsel

10  on the case, the court excluded time for the following four weeks, for attorney preparation under

11  local code T4. (*Id*. at 14-15.) This exclusion was well-justified and reasonable.

12              6.      *September 23, 2010 - December 16, 2010*

13              At the next status on September 13, Leonte's counsel requested a continuance

14  until December based on the voluminous discovery and his newness to the case. (ECF 154.) The

15  court excluded time under T4 for preparation of counsel given the volume of the discovery, as

16  well as under T2 given the inherent complexity of a multi-defendant mortgage fraud case. (*Id*.)

17  This exclusion was supported by reasons set forth in the record, and was limited in time and

18  reasonable.

19              7.       *December 16, 2010 - January 13, 2011; January 13, 2011 - March 3,*
            *2011*
20

21              The two continuances that excluded time to March 3, 2011 were signed by

22  counsel for each party, and represented that the time was excludable under (h)(7) based on the

23  volume of discovery and the need to allow new counsel time to prepare a defense. (ECF Nos.

24  155, 156.) Not only are these exclusions sufficiently supported; defendants are estopped from

25  challenging these exclusions.

26  /////

8.      *March 3, 2011 - October 17, 2011*

During the March 3, 2011 status hearing, the parties requested a trial date of October 17, 2011 and agreed that time should be excluded based on the complexity of the case and for trial preparations. Counsel for defendant Santa offered the factual basis necessary by noting, "this is a mortgage fraud case with multiple loans, over 8000 pages of discovery. [Defendant Sava's counsel] also told me that he is intending to talk with [the AUSA] about some discovery issues, request some discovery, and he may follow that up with some motions. So I think that time is properly excluded up until the trial date of October 17." (ECF 159 at 7:3-8.) Based on this representation, the court excluded time under Local Code T4 for complexity and counsel preparation. (*Id*. at 7:21-23.) Counsel for the other defendants were given an opportunity to object and did not. (*Id*. at 7.) This exclusion is well supported, reasonable and limited in time.

9.      *August 25, 2011 - Present*

The parties agree the Speedy Trial clock was stopped on August 25, 2011 when this court issued an order regarding the briefing schedule on the instant motion. (ECF 125 at 17:20.) Thus, there are no other periods of time for which an exclusion is challenged.[7]

III.   <u>CONCLUSION</u>

As set forth above, the court finds there have been no speedy trial clock violations in the present matter. Accordingly, defendants' motion to dismiss is DENIED.

IT IS SO ORDERED.

DATED: March 27, 2012.

_____
UNITED STATES DISTRICT JUDGE

---

[7] At the hearing on the present motion, defendant Leonte did say he never agreed to exclude time and has repeatedly requested a trial date. Leonte's counsel's supplemental filing supports the conclusion that Leonte never objected to any prior exclusions of time or expressly requested to proceed to trial. (*See* ECF 200.) Leonte is bound by the actions of his counsel. *See New York v. Hill*, 528 U.S. 110, 115 (2000) ("Absent a demonstration of ineffectiveness, counsel's word on []matters [including scheduling] is the last.").