IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

        Plaintiff,                      No. 2:08-CR-00468-KJM-1

   vs.

MARIA SEFORA SANTA,

        Defendant.                 ORDER

_____/

        Maria Sefora Santa ("defendant") moves for stay of sentence pending appeal. ECF No. 397. The court heard argument on December 18, 2013, with Matthew Segal appearing for the government and Alin C. Cintean appearing for defendant. The court took the matter under submission and, as set forth below, now DENIES the motion.[1]

/////

/////

---

[1] The court also notes defendant, as part of the plea agreement, waived her right to appeal "the conviction and . . . any aspect of the sentence imposed in this case so long as her sentence is no longer than the statutory maximum for the offense to which she is pleading guilty." Plea Agreement at 6, ECF No. 332.

1

I.     STANDARD

Defendant's motion is governed by 18 U.S.C. § 3143(b). *See, e.g.*, *United States v. Ali*, No. CR 02-40081 CW, 2011 WL 588143, at *1 (N.D. Cal. Feb. 10, 2011) (applying 18 U.S.C. § 3143(b) to request for stay of sentence where defendant had been convicted and sentenced). Section § 3143(b) requires detention of a defendant who has been convicted and sentenced, unless the court finds an exception to exist. Exceptions exist where the court finds: (1) by clear and convincing evidence that the defendant is not likely to flee or pose a danger to others; (2) that the appeal is not being taken for delay; and (3) that the appeal "raises a substantial question of law or fact likely to result in . . . reversal, . . . an order for a new trial, . . . a sentence that does not include a prison term, or . . . a reduced sentence to a term of imprisonment less than the total time already served plus the expected duration of the appeal process." 18 U.S.C. § 3143(b). "A 'substantial question' is one that is fairly debatable or fairly doubtful." *United States v. Wheeler*, 795 F.2d 839, 840 (9th Cir. 1986) (quoting *United States v. Handy*, 761 F.2d 1279, 1283 (9th Cir. 1985)). As the moving party, defendant bears the burden of establishing that such an exception exists. *See United States v. Montoya*, 908 F.2d 450, 451 (9th Cir. 1990).

II.    ANALYSIS

Defendant asserts she meets each of the requirements necessary for stay of sentence. She argues her appeal presents a substantial question because her guilty plea was: (1) not knowing; (2) not voluntary; and (3) the result of ineffective assistance of counsel. For these reasons, defendant insists the court, in violation of her substantial rights, improperly accepted the plea.

Before accepting a guilty plea, the court is to take certain precautionary measures. FED. R. CRIM. P. 11(b)(1). The court must: (1) "[a]dvis[e] and [q]uestion[]" the defendant regarding rights and waiver thereof, *id.* 11(b)(1); (2) ensure "the plea is voluntary and did not result from force, threats, or promises (other than promises in a plea agreement)," *id.* 11(b)(2); and (3) "develop, on the record, the factual basis for the plea," *id.* 11(b)(3).

"Whether the plea is voluntary and intelligent is the touchstone for . . . . acceptance of a guilty plea." *United States v. Caro*, 997 F.2d 657, 659 (9th Cir. 1993).

      A. <u>Knowing</u>

Defendant first argues the court's acceptance of her guilty plea was improper because "she was incompetent at the time of her change of plea hearing and was not physically or emotionally able to give a knowing and constitutionally sufficient plea . . . ." Def.'s Mot. to Stay Sentence ("Mot.") at 5, ECF No. 401. To support her assertion, she cites a declaration from Dr. Andrei Novac, ECF No. 398, and an excerpt of the transcript from the change-of-plea hearing, ECF No. 383 at 5:7–16. *Id.* Having carefully considered defendant's argument and reviewed the record of the plea colloquy, the court rejects the argument.

As an initial matter, the court declines to consider the Novac declaration because documents "submitted to the district court after the [challenged] ruling . . . should be stricken from the record on appeal." *United States v. Blinder*, 10 F.3d 1468, 1477 (9th Cir. 1993). Here, defendant filed the Novac declaration on December 6, 2013. She entered her guilty plea more than a year earlier, on November 14, 2012, at which time the court adjudged her guilty. Thus, because the declaration was submitted after the ruling, it is disregarded. As the declaration will not be considered on appeal, it necessarily fails to raise a substantial question.

Defendant's citations to the record are similarly unavailing. Citing to the change-of-plea hearing transcript, defendant contends there is "evidence indicating that [defendant] was receiving medical treatment for serious psychiatric illnesses prior to and during the plea agreement," Mot. at 6, and that "she had not taken her psychiatric medications at least 24 hours before" the hearing. *Id.* Defendant thus concludes she "demonstrated objective signs to the [c]ourt . . . that she might be mentally incompetent to enter a plea." *Id.*

The relevant excerpts read as follows:

> THE COURT: Have you been treated for any mental condition or psychiatric illness?
>
> DEFENDANT: For depression I'm currently on . . . medication.
>
> THE COURT: For how long have you been treated for that condition?

>DEFENDANT: I'm not sure on the timeframe . . . . I don't really remember exact dates.
>
>THE COURT: Is there anything about the medication you're taking that would affect your ability to completely follow what is happening here today?
>
>DEFENDANT: I don't think so.
>
>[. . .]
>
>THE COURT: What I heard is that [defendant] did not believe so. What I'm going to do is just pay attention as we go forward, and if you[, defendant,] feel you don't understand a question or if you aren't prepared to answer it today for any reason whatsoever you let me know; okay? That's the key, that you understand the questions and that you feel confident in your answers.
>
>DEFENDANT: Okay.
>
>THE COURT: If I have any questions about your ability to do that, I'll let you know. Have you ever been treated for substance abuse, drug or alcohol abuse?
>
>DEFENDANT: No.
>
>THE COURT: Are you currently under the influence, besides the medication for depression, are you under the influence of any prescription medication or narcotic or alcohol?
>
>DEFENDANT: No.
>
>THE COURT: Have you consumed any other prescription medication or any narcotic or alcohol in the last 24 hours?
>
>DEFENDANT: No.

Change of Plea Hr'g, Part I Tr. ("Part I. Tr.") at 5:7–6:25, ECF No. 383.

At the end of the hearing, the court concluded: "Having had this exchange with [defendant], having listened carefully to her answers throughout, later morning and early afternoon, having given her time to consult with her attorney but, more importantly, to keep her own counsel, and having observed her demeanor throughout, . . . I am satisfied that [defendant]'s plea is knowing and voluntary . . . ." Change of Plea Hr'g, Part II Tr. ("Part II Tr.") at 12:8–14, ECF No. 385.

The record does not support defendant's position. Rather than "demonstrate[] objective signs . . . that [defendant] might be mentally incompetent to enter a plea," Mot. at 6, the record shows the court exercised heightened vigilance to ensure the plea was both knowing

4

and voluntary. *See* Part II Tr. at 12:8–14. Defendant's assertion that she "told the [c]ourt that she had not taken her psychiatric medications at least 24 hours before her change of plea hearing," Mot. at 6, is not supported by the record. Instead, defendant stated at the hearing that she was "currently on . . . medication" for depression and that she did not believe the medication compromised her ability to understand the proceedings. Part I Tr. at 5:9–20. Defendant responded in the negative only when asked if she had "consumed any other prescription medication . . . in the last 24 hours." *Id.* at 6:18–25.

Appeal on this basis raises no substantial question.

B. <u>Voluntary</u>

Defendant next argues the court's acceptance of her guilty plea was improper because she "was coerced . . . with regard to the specific condition in the plea agreement that all criminal charges would be dropped against her husband[, Virgil Santa ("codefendant")]." Mot. at 7. The court also is not persuaded by this argument.

"[I]f [a plea] was induced by promises, the essence of those promises must in some way be made known." *Santobello v. New York*, 404 U.S. 257, 257–61 (1971). This is especially true where promises involve "adverse or lenient treatment of some person *other* than the accused . . . ." *Bordenkircher v. Hayes*, 434 U.S. 357, 364 n.8 (1978) (emphasis in original). In such cases, "the prosecutor must alert the district court to the fact that codefendants are entering a package deal" because these deals "pose an additional risk of coercion not present when the defendant is dealing with the government alone." *Caro*, 997 F.2d at 659–60.

Mindful of this additional risk, where package deals are present, the court must perform a "more careful examination of the voluntariness of a plea . . . ." *Id.* at 659 (quoting *United States v. Castello*, 724 F.2d 813, 815 (9th Cir. 1984)). This "more careful examination" requires "[s]pecifically[ that] the court . . . find whether [the defendant] entered [the] plea because of threats or pressures from . . . codefendants." *Id.* at 660. "[F]ailure to investigate whether codefendants pressured [the defendant]" is reversible error. *See id.*

5

Here, both the government and the court fulfilled their respective duties. First, government counsel informed the court of the package deal. Counsel stated on the record that "pursuant to the terms of the plea agreement, the United States [would] be moving . . . to dismiss the charges against . . . [codefendant] to coincide with the date for judgment and sentencing with respect to . . . [defendant] Maria Santa." Part I Tr. at 2:2–6. Codefendant was both present and represented at the hearing, and his counsel stated on the record that codefendant "would like to be here [for the entirety of the hearing] . . . . [Codefendant and defendant are] husband and wife." *Id.* at 2:9–10.

Thereafter, the court inquired as to the voluntariness of defendant's plea on both general and specific terms:

> THE COURT: . . . [A]re you telling the court that you wish to plead guilty because that's what you want to do individually and voluntarily?
>
> DEFENDANT: Yes.

*Id.* at 7:24–8:2.

> THE COURT: . . . [A]re you telling the [c]ourt that your answers are full and correct . . . ? You're telling me that those are completely truthful answers to my questions?
>
> DEFENDANT: Yes.
>
> THE COURT: And any change in your answer [regarding admission to the factual bases] was based on your own decision . . . ?
>
> DEFENDANT: Yes, it was my own decision.
>
> THE COURT: And not made with any pressure from any family member . . . ?
>
> DEFENDANT: No.

Part II Tr. at 8:15–9:3. The court specifically investigated whether defendant was acting under pressure from codefendant, her husband, and finding she was not, accepted the guilty plea. Acceptance of the plea was thus proper.

6

Appeal on this basis also raises no substantial question.

C. <u>Ineffective Assistance of Counsel</u>

Finally, defendant argues the court's acceptance of her guilty plea was improper due to ineffective assistance of counsel. A claim of ineffective assistance is a claim that may be advanced as a habeas corpus claim under 28 U.S.C. § 2255. Such a claim is a form of collateral attack and not properly considered on appeal. *United States v. Steele*, 733 F.3d 894, 897 (9th Cir 2013) (stating that ineffective assistance of counsel claims are "generally inappropriate on direct appeal" and should be raised in habeas corpus proceedings) (internal citation omitted).

Appeal on this basis raises no substantial question.

III. <u>CONCLUSION</u>

As set forth above, defendant's appeal raises no substantial question so as to support a stay of her sentence. Defendant's motion is DENIED.

IT IS SO ORDERED.

Dated: December 24, 2013.

_____
UNITED STATES DISTRICT JUDGE