IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT COURT OF CALIFORNIA

UNITED STATES OF AMERICA,

        Respondent,                    Cr. No. S-08-468 KJM

   vs.

MARIA SEFORA SANTA,

        Movant.                      <u>ORDER</u>

_____/

        On December 18, 2013, movant Maria Sefora Santa filed a motion to vacate, set aside, or correct her sentence under 28 U.S.C. § 2255. ECF No. 401. The government filed a motion to dismiss, arguing that movant has filed a notice of appeal and so the instant motion is premature. ECF No. 403. Movant has opposed the motion, suggesting she will be seeking an indefinite stay of her appeal pending the outcome of the current motion. ECF No. 404 at 5. She also argues she may pursue her collateral attack during the pendency of her appeal because she has presented exceptional circumstances justifying two courts' simultaneous consideration of the judgment.

        The docket reflects that movant filed a notice of appeal on September 3, 2013. ECF No. 380. The docket also reflects that movant filed a motion for bail pending appeal in the Ninth Circuit and that her surrender date has been stayed because of that motion. ECF Nos. 406, 407. The Ninth Circuit's docket also shows movant's request to stay briefing pending a

1

resolution of the current motion or, in the alternative, for a lengthy extension of time in which to file her opening brief. *United States v. Santa*, Docket No. 13-10458, ECF No. 9. Even though this request was filed on December 28, 2013, the Ninth Circuit has not ruled on it.

"[A] district court should not entertain a [2255 motion] while there is an appeal pending . . . ." *United States v. Deeb*, 944 F.2d 545, 548 (9th Cir. 1991); *United States v. LaFromboise*, 427 F.3d 680, 686 (9th Cir. 2005) ("[U]ntil direct appellate review is exhausted the district court may not entertain a motion for habeas relief.") As the Ninth Circuit has not addressed movant's request for a stay, movant's appeal is still pending and this court should not consider her current motion.

As the parties observe, there is a limited exception to the rule precluding simultaneous consideration of an appeal and a § 2255 motion. In *United States v. Taylor*, the Ninth Circuit considered its settled rule that "[g]enerally, the noting of ... an appeal severely restricts the filing of a collateral claim with the District Court, to avoid any anomaly associated with the simultaneous consideration of the same case by two courts." 648 F. 2d 565, 572 (9th Cir. 1981). The court continued "[t]he usual practice is to make a collateral assertion of error subsequent to the date of decision in the direct appeal," because "the disposition of the direct appeal may render the motion moot." *Id*. The Ninth Circuit did recognize, however, that exceptional circumstances might "outweigh the considerations of administrative convenience and judicial economy" underlying the usual rule. *Id.*

In *Taylor,* the court found the appellant/movant had borne his burden of demonstrating exceptional circumstances in his writ of error coram nobis raising a claim of the U.S. Attorney's fraud on the court. *Id*. Even with the "disquieting" question Taylor raised in his coram nobis petition, the Ninth Circuit found the question whether Taylor had borne his burden of showing exceptional circumstances to be "close and difficult." *Id*.

Movant has not borne her burden of demonstrating extraordinary circumstances in this case. She argues generally that her challenges to counsel's effectiveness and her own competence to plead guilty will necessarily rely on information outside the appellate record and thus cannot adequately be adjudicated on appeal. These circumstances are far from

extraordinary, as the Ninth Circuit routinely recognizes that appellants who raise issues dependent upon extra-record evidence must wait until the conclusion of appellate proceedings to pursue them.  *See, e.g.*, *United States v. McKenna*, 327 F.3d 830, 845 (9th Cir. 2003) ("Claims of ineffective assistance of counsel are generally inappropriate on direct appeal.").

        IT IS THEREFORE ORDERED that movant's motion to vacate her conviction, ECF No. 401, is denied without prejudice.

DATED:  January 23, 2014.

                                               UNITED STATES DISTRICT JUDGE